```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                            CHARLESTON
```

**EDWARD LEE LEWIS,**

      **Movant,**

v.                                          **Case No. 2:04-cv-01009**
                                                                  **Case No. 2:02-cr-00042**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## MEMORANDUM OPINION AND ORDER

Pending is Movant's Motion to Grant Motion to Supplement his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (docket sheet document # 137).

## PROCEDURAL HISTORY

Following a jury trial, Movant, Edward Lee Lewis (hereinafter "Defendant"), was convicted of four counts of mailing a threatening communication, in violation of 18 U.S.C. § 876, one count of mailing a threatening communication to the President of the United States, in violation of 18 U.S.C. §§ 871 and 2(b), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On September 11, 2002, Defendant's Motion for Judgment of Acquittal and his Motion for a New Trial were denied (# 85).

On November 7, 2002, Defendant was sentenced to 192 months of imprisonment, followed by a three-year term of supervised release, and the payment of a $600 special assessment. A Judgment was

entered on November 12, 2002. (# 88).

Defendant sought an appeal to the United States Court of Appeals for the Fourth Circuit. (## 97 and 98). On appeal, Defendant challenged the District Court's denial of his motion to suppress evidence seized from his vehicle, and the District Court's determination that Defendant qualified as an "armed career criminal."

On November 10, 2003, the Fourth Circuit affirmed Defendant's conviction and sentence, finding that the "observation of unobscured items through the window of [Defendant's] pick-up truck did not constitute a search under the Fourth Amendment." United States v. Lewis, No. 02-4889, 75 Fed. Appx. 164, 2003 WL 22131439 (4th Cir. Sept. 16, 2003)(attached to # 134). The Fourth Circuit further found that Defendant had conceded that he pled guilty to three counts of daytime burglary in a West Virginia State court, that the offenses occurred on different days and involved different residences and victims, and that the offenses qualified as separate violent felonies for armed career criminal status. (Id.)

On August 27, 2004, the Clerk's Office mailed a letter to the United States Attorney requesting that the exhibits in Defendant's case be retrieved by September 10, 2004 or else they would be destroyed. (# 124). On September 10, 2004, the Clerk filed a Destruction Certificate, indicating that the exhibits had been destroyed on that same date. (# 125).

2

Defendant filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 on September 16, 2004. (# 126). In that motion, Defendant raises four grounds for relief.

First, Defendant claims that his conviction was gained by the use of evidence obtained through an illegal search and seizure. (# 126, Ground One). He further claims that the government failed to disclose exculpatory evidence, because it had the ability to trace the envelopes in which the threatening communications that are the subject of Defendant's convictions to their location of mailing, and failed to do so. (Id., Ground Two). Defendant claims that he could not have mailed the communications because of inclement weather in his residential area and because his vehicle was inoperable at the time.

Defendant also claims that his court-appointed counsel, Carl J. Dascoli, Jr., provided ineffective assistance of counsel because he did not trace the envelopes, investigate the weather conditions, or investigate the condition of the car during the period when the threatening communications were mailed. (Id. Ground Three). Finally, Defendant claims that his sentencing as an armed career criminal was improper because his underlying convictions for daytime burglary were one offense, not three. (Id., Ground Four).

In Defendant's "Motion to Grant Motion to Supplement his Section 2255 Motion," which was filed on March 15, 2005, Defendant requests that the envelopes that contained the threats, which were

mailed between January 1 and January 11, 2002, be scanned by postal authorities to determine the area from which those envelopes were mailed. (# 137 at 1). Defendant has also attached a number of exhibits to his motion, which are already a part of the record herein.

## ANALYSIS

Defendant's motion to supplement his section 2255 motion with a request to have the envelopes from the threatening communications traced is more akin to a motion for discovery, and the undersigned will treat it as such.

Rule 6 of the Rules Governing Section 2255 Proceedings allows a district court to grant leave for discovery in such proceedings where good cause has been shown. In this case, however, even if there were good cause for the requested discovery, it is not possible to grant Defendant's request because the exhibits were destroyed in the normal course of business of the Clerk's Office. Furthermore, to the extent that Defendant is seeking to supplement the record with the exhibits attached to his Motion to Grant Motion to Supplement, those documents are already a part of the record.

For these reasons, Defendant's "Motion to Grant Motion to Supplement his Section 2255 Motion" (# 137) is **DENIED**.

The Clerk is directed to mail a copy of this Order to Defendant and counsel of record.

ENTER:   October 31, 2005

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

4